**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ATANACIO VALDEZ<br>*PLAINTIFF*<br><br>v.<br><br>HOSTO & BUCHAN, PLLC AND<br>FORD MOTOR CREDIT COMPANY<br>*DEFENDANTS* | CIVIL ACTION<br>NO._24-1818 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Comes now Plaintiff Atanacio Valdez and complains of Defendants Hosto & Buchan, PLLC and Ford Motor Credit Company and for cause of action shows the following:

**A. PARTIES AND SERVICE**

2. Plaintiff, Atanacio Valdez is a natural person who resides in Dallas County, Texas. He can be reached through Counsel.

3. Defendant Hosto & Buchan PLLC is a collection law firm and foreign corporation domiciled in Little Rock, Arkansas and doing business in Texas. They can be served by service on their registered agent, Capitol

Corporate Services, Inc.,1501 S. Mopac Expressway, Ste #220, Austin, Texas 78746.

4. Defendant Ford Motor Credit Company is a lending company and foreign corporation domiciled in Michigan and doing business in Texas. They can be served by service on their registered agent, C T Corporation System, 1999 Bryan Street, Ste. #900, Dallas, Texas, 75201.

5. In the event any parties are misnamed or not included herein it is plaintiff's contention that such was a misidentification, misnomer, and/or such parties are/were alter egos of parties named here in. Alternatively, plaintiff contends such corporate veils should be pierced to hold such parties properly included in the interest of justice.

### B. Venue and Jurisdiction

6. Venue in this Court is proper because the events giving rise to this controversy occurred in Dallas County, Texas, which is located in the Northern District of Texas.

7. This Court has federal question jurisdiction because an action to enforce liability under the FDCPA is a cause of action arising under federal law. 15 U.S.C. § 1692k(d).

## C. Facts

*Ford Motor Credit sued Atanacio Valdez and both parties were represented by counsel in the matter*

8. Due to financial issues beyond his control, Mr. Valdez was no longer able to make payments on the 2020 Ford F-150 he had purchased on September 22, 2020, and it was repossessed on March 16, 2023. This vehicle had been financed by Ford Motor Credit Company.

9. On September 20, 2023, Defendant Hosto & Buchan filed a petition on behalf of their client, Ford Motor Credit, in Dallas County Justice of the Peace 5-1. The citation and petition for case #JPC-23-07717-51, *Ford Motor Credit Company v. Atancio (sic) Valdez*, were personally served on Plaintiff Mr. Valdez on or about October 27, 2023.

10. Not wanting to defend himself against a major national lending company and a law firm, Mr. Valdez hired Ciment Law Firm to represent him in the suit. After speaking with Ciment Law Firm, Mr. Valdez felt relief and satisfaction that he now had people on his side with experience and training in consumer debt.

11. Plaintiff's attorney filed his answer on November 15, 2023. It was

served upon Defendant Hosto & Buchan via eService to kmcguire@hosto.com. Hosto & Buchan received it for their files as evidenced by them not filing a motion for default judgment.

*Hosto & Buchan filed a Business Records Affidavit and mailed it in a certified envelope to Mr. Valdez, but not to Ciment Law*

12. On April 3, 2024, Plaintiff's Business Records Affidavit was filed by Hosto & Buchan. A copy of the Affidavit and accompanying records were mailed directly to Defendant's home address. No affidavit or exhibits were served upon Ciment Law Firm in any way.

13. Mr. Valdez came home to find this sworn affidavit against him in his own mail. When he saw it was legal documents from Ford Motor Credit's attorneys, and it included a sworn affidavit stating how much he owed with a lot of accompanying documents, he became both upset and angry.

14. Mr. Valdez had hired attorneys to take care of this matter. They had not told him a sworn affidavit was filed. He did not know who to trust anymore. He had dealt with this stressful situation by hiring professionals and yet still he was getting certified mail with legal

documents.

15. Despite having hired Ciment Law Firm to take care of him, Mr. Valdez no longer knew if matters were being dealt with and this new stress increased the physical, mental and emotional toll on him. Mr. Valdez tried to hide his stress and anxiety from his family so they did not worry, but they could see he was not himself and not eating or sleeping well since the affidavit was delivered. When asked, he admitted it was because he felt humiliated, confused, angry and stressed. His mental anguish at the situation was now noticeably higher than when he first lost the truck or got served with the suit.

16. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial. Plaintiff thought that once he hired a lawyer then they would handle these types of things and that he would not have to deal directly with an attorney for the other side. Instead, he faced mistrust and uncertainty as a direct result of Defendants

actions.

*Hosto and Buchan PLLC let their mandatory debt collector bond lapse*

17. Hosto & Buchan PLLC's debt collector bond in the state of Texas was cancelled on October 20, 2023. They have no current bond despite this being a requirement to operate as a debt collector in the state of Texas.

*Defendant Hosto & Buchan is liable for the actions of their employees and outsourced workers under the doctrine of Respondeat Superior*

18. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

19. Defendant neglected to properly train and supervise their legal assistant employees in the specifics of state and federal law regulations regarding debt collection.

20. Even though communicating directly with a represented party is a violation of state and federal law and the Texas Code of Professional

Conduct, Defendant failed to have policies and procedures in place that would avoid documents being mailed directly to represented parties.

21. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

23. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692C(A)(2)**

*Against Defendant Hosto & Buchan, PLLC*

24. For Plaintiff to succeed on his FDCPA claims, he must satisfy three prerequisite requirements: Plaintiff must be a "consumer", and Hosto & Buchan must be a "debt collector" that sought to collect a "debt" from Plaintiff, as these terms are defined by the FDCPA.

25. Section 1692a(3) provides the following definition for "consumer": any natural person obligated or alleged obligated to pay any debt.

26. Here, Plaintiff is a natural person allegedly obligated to pay a debt to Ford Motor Credit Company.

27. Section 1692a(6) provides the following definition for "debt collector ":..any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

28. Hosto & Buchan is a collection law firm who collect debts through communications with consumers as well as by filing lawsuits.

29. Section 1692a(5) provides the following definition for "debt":..any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

30. The alleged obligation arises from an auto loan that was accumulated through borrowing money for personal, family and household purchases. Plaintiff did not use the truck for business purposes.

31. All three prerequisite requirements are thus easily satisfied.

32. Hosto & Buchan violated 15 U.S.C. § 1692c (a)(2) which prohibits debt collectors from communicating with a consumer when the debt collector knows the consumer is represented by as attorney with respect to such debt.

33. Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including but not limited to expenses from the delay of the suit against him, creating a need for him to miss work and appear in court, humiliation, the extreme stress stemming from Defendant driving a wedge between attorney and client, and sleeplessness, agitation and irritability.

34. Plaintiff seeks not only his actual damages but also statutory damages and attorney fees as allowed by law. The FDCPA is a strict liability statute that allows for the award of statutory damages in an amount up to $1,000 upon a finding of violation. 15 U.S.C. § 1692(k)(a).

## F. VIOLATION OF THE TEXAS DEBT COLLECTION ACT – TEXAS FINANCE CODE §392 ET. SEQ.

*AGAINST DEFENDANT HOSTO & BUCHAN P.C.*

35. Plaintiff incorporates the preceding paragraphs.

36. For Plaintiff to succeed on his TDCA claims, he must satisfy three prerequisite requirements: Plaintiff must be a "consumer", and Ford Motor Credit Company must be a " debt collector" that sought to collect a "consumer debt" from Plaintiff, as these terms are defined by the TDCA.

37. Section 392.001(1) provides the following definition for "consumer": "Consumer" means an individual who has a consumer debt.

38. Here, Plaintiff is an individual who is alleged to owe an auto loan to Ford Motor Credit Company. This loan was used to buy a truck for personal, family or household use. Mr. Valdez meets the definition of consumer.

39. Section 392.001(5) provides the following definition for " debt collection": " 'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or

alleged to be due a creditor." And 392.001(6) defines a debt collector as a person who directly or indirectly engages in debt collection.

40. Here, Hosto & Buchan is engaged in collection of a consumer debt from Plaintiff, thereby meeting the definition of "debt collector". Hosto & Buchan is not the original creditor; therefor, they also meet the definition of a "third party debt collector".

41. Section 392.001(2) provides the following definition for "consumer debt": "Consumer debt" means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

42. The debt Mr. Valdez allegedly owed to Ford Motor Credit Company was a consumer debt. All three definitions are met in this case. Hosto & Buchan is a debt collector collecting a consumer debt from Mr. Valdez as defined by the Texas Finance Code.

43. Defendant Hosto & Buchan does not have a bond as required by Texas Finance Code §392.101.

44. Defendant Hosto & Buchan is fully aware of the legal requirement to have a bond. They have had multiple bonds in the past but for

whatever reason they have been cancelled. Yet they continue to attempt to collect debts in Texas. Without a bond, they do not have the right to continue to prosecute the debt collection suit against Mr. Valdez, and yet they have persisted in doing so.

45. This is an action for willful violation of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.,* ("TDCA").

46. Additionally, Chapter 392, Section 304 of the Texas Finance Code provides as follows:

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
>
> > (8) misrepresenting the character, extent or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or government proceeding;
> >
> > (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

47. By their aforementioned actions, Defendant violated the TDCA.

48. Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including but not limited to expenses from the delay of the suit against him, creating a need for him to miss work and appear in court, humiliation, the extreme stress stemming from Defendant driving a wedge between attorney and client, and sleeplessness, agitation and irritability.

49. Plaintiff is entitled to treble actual damages and emotional distress damages pursuant to Tex. Fin. Code §392.403(a)(2).

50. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

F. **VIOLATION OF THE TEXAS DEBT COLLECTION ACT – TEXAS FINANCE CODE §392 ET. SEQ.**

*AGAINST DEFENDANT FORD MOTOR CREDIT COMPANY*

51. Plaintiff incorporates all preceding paragraphs.

52. For Plaintiff to succeed on his TDCA claims, he must satisfy three prerequisite requirements: Plaintiff must be a "consumer", Ford Motor Credit Company must be a " debt collector" that sought to collect a

"consumer debt" from Plaintiff, as these terms are defined by the TDCA.

53. Section 392.001(1) provides the following definition for "consumer": "Consumer" means an individual who has a consumer debt.

54. Here, Plaintiff is an individual who is alleged to owe an auto loan to Ford Motor Credit Company. This loan was used to buy a truck for personal, family or household use. Mr. Valdez meets the definition of consumer.

55. Section 392.001(5) provides the following definition for " debt collection": " 'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." And 392.001(6) defines a debt collector as a person who directly or indirectly engages in debt collection.

56. Here, Ford Motor Credit Company is engaged in collection of consumer debt from Plaintiff, thereby meeting the definition of "debt collector". They do not meet the definition of a "third party debt collector", but that is not necessary for the claims here.

57. Section 392.001(2) provides the following definition for "consumer debt": "Consumer debt" means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a

PLAINTIFF ATANACIO VALDEZ'S ORIGINAL PETITION AGAINST HOSTO & BUCHAN AND FORD MOTOR CREDIT COMPANY
14 OF 18

transaction or alleged transaction.

58. The debt Mr. Valdez allegedly owed to Ford Motor Credit Company was a consumer debt. All three definitions are met in this case. Hosto & Buchan is a debt collector collecting a consumer debt from Mr. Valdez as defined by the Texas Finance Code.

59. Ford Motor Credit Company violated Texas Finance Code § 392.306. "A creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter."

60. Defendant Hosto & Buchan does not have a bond as required by Texas Finance Code §392.101. Every act they take to collect a consumer debt in the state is a violation of the Texas Debt Collection Act as they lack a bond. Without a bond, they do not have the right to continue to prosecute the debt collection suit against Mr. Valdez. Their actions to continue to collect consumer debts in the state of Texas are repeated violations.

61. Defendant Hosto & Buchan lacks proper procedures to keep from

violating even the simplest of provisions of the Debt Collection Act – to keep a bond and to not use deceptive means of collecting a debt.

62. By hiring and continuing to use Hosto & Buchan as a collection firm, Defendant Ford Motor Credit Company violated the TDCA.

63. It is settled law in the state of Texas that lawyers are the agents of the represented parties. *See, e.g*. "The attorney client relationship is an agency relationship. The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts; the attorney's negligence is attributed to the client." *Texas Employers Insurance Ass'n v. Wermsk*e, 162 Tex. 540, 349 S.W.2d 90, 93 (1961) as cited by *Gavenda v. Strata Energy, Inc*., 705 S.W.2d 690, 693 (1986) and *Hooten v. Yeager,* 654 S.W.3d 185, 190 (Tex. App. 2022).

64. Ford Motor Credit Company is vicariously liable for the acts and omissions of their attorneys. The attorney-client relationship is an agency relationship. The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts; the attorney's negligence is attributed to the client. *Gavenda v. Strata Energy, Inc*., 705 S.W.2d 690, 693 (Tex. 1986).

65. Thus, Hosto & Buchan's violations of the Texas Debt Collection Act are regarded as the acts of Ford Motor Credit Company, and thus Ford Motor Credit Company has liability under the TDCA.

66. Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including but not limited to expenses from the delay of the suit against him, creating a need for him to miss work and appear in court, humiliation, the extreme stress stemming from Defendant driving a wedge between attorney and client, and sleeplessness, agitation and irritability.

67. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

(a) For actual damages, including economic harm and mental anguish;

(b) For statutory damages under the FDCPA and TDCA;

(c) For pre-judgment interest to the extent permitted by law;

(d) For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

(e) For such other or further relief as the Court deems proper.

Respectfully submitted,

s/ *James A. Foley*

James A. Foley, TX Bar No. 24055491
Amy Beth Clark SBN 24043761
Ciment Law Firm, PLLC
1751 River Run, Suite 280
Fort Worth, Texas 761077494
Ph: 833-663-3289 x 3006
Facsimile: 855-855-9830
eService: courtfilings@cimentlawfirm.com
James@CimentLawfirm.com
ATTORNESY FOR PLAINTIFF
Atanacio Valdez